IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


TONYA KELLUM,

    Plaintiff,

vs.                                                    CASE NO. 1:06CV190-MP/AK

MICHAEL J. ASTRUE,[1]
**Commissioner of Social Security**

    Defendant.

_____/


**REPORT AND RECOMMENDATION**

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits under Title II of the Act and for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

A. **PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on August 29, 2003, alleging a disability onset date of February 10, 2001, because of fatigue, swollen feet, and neuropathy due to insulin-dependent diabetes. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on July 21, 2005, and entered an unfavorable decision on October 12, 2005. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

B. **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff has diabetes mellitus with neuropathy and a thyroid disorder, which are severe impairments, but do not meet the listings. (R. 20). The ALJ found that Plaintiff's history of treatment for diabetes is significant for non-compliance with her insulin regimen, but that her episodes are resolved within a few days once she has been regulated with insulin. He also found that her thyroid condition was presently resolved without medication. She works as a health care aide one day a week for ten hours, takes care of two ill daughters at home, and complains that her feet swell when she tries to work a forty hour work week. The ALJ found that the record "shows little evidence of a limiting impairment," and she has the residual functional capacity to work a full range at the medium exertional level.

**No. 1:06CV190-MP/AK**

## C.     ISSUES PRESENTED

Plaintiff argues that the ALJ erred in not using a vocational expert when she had significant non-exertional limitations because of her insulin dependent diabetes, specifically neuropathic pain and fatigue.

The government responds that the ALJ determines the credibility of the symptoms alleged and while Plaintiff has some limitations, he determined that she has no disabling symptoms and limitations. The ALJ properly considered her lack of treatment and non-compliance with the medication requirements of her condition as factors in assessing the credibility of the pain she was experiencing, as well as the fact that she worked, even though it was not SGA. There was substantial support in the record for this finding and his assessment that she can perform work at a medium level so long as she was compliant with her medication.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

## D.     STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by

**No. 1:06CV190-MP/AK**

substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

**No. 1:06CV190-MP/AK**

continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by

**No. 1:06CV190-MP/AK**

the Commissioner. Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

### E. SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff was diagnosed with diabetes in 1996 and has had several episodes of diabetic ketoacidosis requiring several emergency admissions (R. 130-133, 140-147, 180-186, 190-198) and hospitalizations (R. 134-137, 148-162, 171-179, 199-212) at which time her blood sugars were extremely elevated as a primary result of her not taking insulin. Her primary symptom upon admission was fatigue or malaise. (R. 135-136, 171-172, 183-185, 209-211).

There are three Physical Residual Functional Capacity Assessments: one assessing her at a medium level (R. 163-171) and two finding her at a light exertional level. (R. 235-243, 243-250).

### F. SUMMARY OF THE ADMINISTRATIVE HEARING

This is a young individual born in1968. (R. 310). She has three children and obtained a GED. (R. 310-311). She is also a certified health aide and presently works one day a week ten hours a day assisting terminally ill patients with eating, bathing, and other personal care. (R. 312). She only works one day a week because her feet swell. (R. 313). She has spots on her feet presently because of the cold and also experiences tingling and numbness in her hands when its cold. (R. 319). She takes Neurontin and

Amitriptyline for pain, as well as Paxil for stress in addition to insulin.  (R. 320).  She is paid $10.30 an hour and could get more hours if she wanted, but she would not be able to work more than she does because of her feet.  (R. 321).

## G.    DISCUSSION

At the fifth step of the evaluation process, the ALJ must determine whether a Claimant, based on her residual functional capacity, age, education and work experience, can adjust to other work in the national economy.  20 C.F.R. § 404.1520(a)(4).  The ALJ may make this determination by reliance upon the Medical Vocational Guidelines or by utilizing the services of a vocational expert.  Phillips v. Barnhart, 357 F.3d 1232, 1239 (11th Cir. 2004).  The Eleventh Circuit has "recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level."  Wolfe v. Chater, 86 F.3d at 1078, quoting Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992).  See also Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995).  "It is only when the claimant can clearly do unlimited types of  work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."  Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).  Exclusive reliance upon the grids is not appropriate when the claimant has a nonexertional impairment that significantly limits her basic work activities.  Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990).

**No. 1:06CV190-MP/AK**

Plaintiff complains that the record supports that she has neuropathic pain and fatigue, which are non-exertional impairments that should have precluded the ALJ from using the guidelines. However, the ALJ specifically found that her allegations of pain were not credible because she continued to be non-compliant with her medication and the medical record supported a finding that her impairment would not be limiting if she managed her diabetes appropriately. He referenced numerous and extensive treatment notes that supported this finding. Indeed, reviewing her medical records she presented at the hospital several times with complaints of fatigue resulting from her uncontrolled diabetic condition, but when insulin was given her blood sugars regulated. Further, while the records support diabetic neuropathy, there are no complaints of pain by the Plaintiff to any of her treating sources. The ALJ correctly assessed that her diabetes could be controlled by her compliance with insulin, and that there were no other limiting factors established by the record. "A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling." Dawkins v. Bowen, 848 F.2d 1211, 1213 (11th Cir. 1988) quoting Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir. 1987).

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this __**25th**__ day of February, 2008.

            *s/ A. KORNBLUM*
            **ALLAN KORNBLUM**
            **UNITED STATES MAGISTRATE JUDGE**

**No. 1:06CV190-MP/AK**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:06CV190-MP/AK**